UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS CAUDILL, | ) | CASE NO. 5:19-cv-2653 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| SHERIFF DAVID DOAK, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This is a *pro se* civil rights action brought by plaintiff Chris Caudill ("Caudill") pursuant to 42 U.S.C. § 1983. Caudill initiated this action in federal court on November 13, 2019 by filing a complaint (Doc. No. 1). On January 10, 2020, Caudill filed an amended complaint (Doc. No. 4 ["Compl."]), which is now the operative pleading. This matter is before the Court on an initial screening under the Prisoner Litigation Reform Act. For the reasons that follow, Caudill's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

I. BACKGROUND

In his complaint, Caudill asserts constitutional deliberate indifference claims against multiple defendants for which he seeks damages in connection with his detention in the Portage County Jail ("Jail") "[o]n or about February and March of 2019," prior to his extradition to Illinois on a parole violation. (Compl. at 49[1].) He sues: Sheriff David Doak, Commander Symsek, Hope

---
[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

Village, Bill Hardy, Ted. St. John, Wellpath Medical Services ("Wellpath"), Nurse Rick Hughes, Nurse Betty Reese, and Mike Burda. (*Id*. at 45-46.)

In Count I, Caudill alleges that defendants Wellpath, Doak, Symsek, Hughes, and Reese were deliberately indifferent to his serious medical needs and failed to provide him "adequate medical treatment and procedures." (*Id*. at 53.) Although his complaint does not make clear the specific role he contends each of these defendants played in this alleged mistreatment, he complains that all inmates in the Jail were offered "to be vaccinated for Hepititis [sic] A, B, C." (*Id*. at 49.) He maintains he asked an employee of the health department if he could be treated and cured of Hepatitis C but was advised that he would have to make such a request through Wellpath, the healthcare provider for the Jail. He submitted a grievance making such a request, and claims that it was "ignored" by the Jail. (*Id*.) But the Medical Kite he attached to his complaint indicates his request to be treated for Hepatitis C was denied because Caudill "denied any history of hepatitis" at intake. (Doc. No. 4-2.) The Kite also directed Caudill "to provide information as to when and where you were diagnosed with hep C" (*id*.), but Caudill does not allege any facts suggesting that he provided the requested information.

Caudill also complains that a request he made at intake to receive seizure medication, based on his own reported history of seizures, was denied. (*Id*. at 49.) He complains that defendant Reese told him he would have to have a seizure in order to get such medication. (*Id*.)

In Count II, Caudill alleges that defendants Doak, Symsek, and Burda were "deliberately indifferent to [his] safety." (*Id*. at 53.) This claim is based on his allegations that he was "hasselled [sic]," and his commissary was stolen several times, by "A[ryan] Brothers gang members" with whom he was housed despite telling defendant Symsek about "the attacks and theft of [his]

2

property." (*Id*. at 52.)

Finally, in Count III, Caudill alleges that defendants Hardy, St. John, Hope Village, and Symsek were deliberately indifferent to "his safety and privacy." (*Id*. at 53.) The only allegations he makes pertaining to this claim are that defendants Hardy, St. John, and Hope Village "lied to [him] and falsely stated" they would help him with his Illinois case, but after he signed a release, gave his Illinois prison records to defendant Symsek, who let "every officer read" them. (*Id*. at 42.)

## II.  STANDARD OF REVIEW AND DISCUSSION

Upon an initial screening of *pro se* prison litigation, the Court is required to review the complaint, and *sua sponte* dismiss any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Court must read a *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), and accept its factual allegations as true. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). In order to survive a dismissal for failure to state a claim, the complaint must set forth factual matter sufficient to state a claim to relief against each defendant that is plausible on its face. *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for evaluating motions under Fed. R. Civ. P. 12(b)(6) governs dismissals of prisoner complaints under §§ 1915(e)(2)(B) and 1915A).

Upon review, the Court finds that the complaint must be dismissed because it fails to allege

any plausible constitutional deliberate indifference claim against any defendant.

First, Caudill has failed to allege any plausible deliberate indifference claim with regard to his medical care. Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). To establish a claim, a plaintiff must demonstrate both objective and subjective components. He must demonstrate that he suffered from a medical condition posing a "substantial risk of serious harm" to him, and, that the prison official in question acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. 3d 2d 811 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). To demonstrate the subjective component, "a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010).

Assuming Caudill suffered from a serious medical need or needs sufficient to support the objective component of a claim, he does not allege facts sufficient to demonstrate that any defendant had the requisite subjective state of mind necessary to demonstrate the subjective component. Specifically, he has not alleged facts permitting plausible inferences that any defendant subjectively knew or believed that he actually suffered from the conditions he asserted, and actually drew an inference that a substantial risk of harm to him existed. To the contrary, the Medical Kite Caudill appends to his complaint (Doc. No. 4-2), and the comments he alleges Nurse

4

Reese made to him regarding his request for seizure medication (*see* Compl. at 49), suggest that prison personnel did not perceive Caudill to suffer from the conditions he asserted or that such conditions presented a serious risk of harm to him.[2]

Even if it could be said that some or all the defendants were wrong or negligent in failing to recognize a serious condition he had, at the most, his allegations suggest negligence or medical malpractice on the part of prison officials. Negligence or medical malpractice under state tort law do not amount to constitutional "deliberate indifference" within the meaning of the Eighth Amendment. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004).[3]

Nor has Caudill alleged a plausible constitutional deliberate indifference claim based upon a failure of the defendants to protect him or provide him adequate safety. Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of inmates," including taking reasonable measures "to protect prisoners from violence at the hands of other prisoners"; however, prison officials do not violate a prisoner's constitutional rights every time a prisoner is subjected to harm by another inmate. *Farmer*, 511 U.S. at 832-34 (quotation marks and citations omitted). Prison officials are liable only if they are deliberately indifferent to "a substantial risk to an inmate's safety." *Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001). Again, such a claim requires a plaintiff to demonstrate both objective and subjective components.

---

[2] Caudill's observation that "Wellpath and Portage County Jail are aware of the Hepititis [sic] epidemic and are aware that inmates have this disease …," even if true, is insufficient to establish that any individual defendant subjectively perceived facts from which to infer a substantial risk to *Caudill*, did draw that inference, and then disregarded that risk.

[3] Caudill's claim against Wellpath fails for the additional reason that a prison medical department is not a person subject to suit under 42 U.S.C. § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006).

A prisoner must first "show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834). He must show he was "incarcerated under conditions posing a substantial risk of serious harm" to him. *Id*. (quotation marks and citation omitted). Caudill's allegations here -- that so-called Aryan Brother inmates "hasselled [sic]" him and others and stole commissary -- are insufficient to suggest that he faced a threat of violent assault, or other "substantial risk of serious harm" at their hands.

And even if he was subjected to an objectively dangerous situation, Caudill has not alleged facts sufficient to demonstrate the required subjective component of a claim. His allegations do not permit a plausible inference that any defendant was aware of facts from which an inference could be drawn that a substantial risk of harm to him existed **and** actually drew such an inference. *See id*. at 766-76. Caudill's allegations -- that he reported misconduct by Aryan Brother inmates to Defendant Symek, which Symek ignored -- at the most suggest a negligent failure on the part of Defendant Symsek to heed reports Caudill made to him. But negligence by prison officials in failing to respond to a risk of harm to an inmate is not enough to demonstrate deliberate indifference. *McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988). Nor is a "hypothetical" risk of harm to an inmate sufficient. *See Lewis*, 7 F. App'x at 375.[4]

---

[4] To the extent that the complaint can be generously interpreted as attempting to raise a retaliation claim based upon Caudill's alleged temporary transfer to a higher security wing in the prison (*see* Compl. at 51), it fails to state a claim for relief. Caudill alleges that he was transferred and kept in a maximum security cellblock for two hours because he complained that the warden was blocking his grievances. (*Id*.) The Sixth Circuit has made clear that, in the context of a First Amendment retaliation claim, the test is whether the retaliatory act would deter a person from exercising his rights. *See Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) (finding transfer sufficient to sustain retaliation claim where inmate suffered a number of foreseeable consequences that inhibited his ability to access the courts). Caudill has failed to allege how his brief relocation—a matter of hours—had any foreseeable adverse consequences.

Finally, Caudill has alleged no plausible deliberate indifference claim in Count III regarding his prison records. His allegations relating to this claim do not plausibly suggest either a "substantial risk of serious harm," or that any defendant sued had the state of mind required to demonstrate the subjective component.

### III. CONCLUSION

For the reasons stated above, Caudill's complaint fails to state a plausible constitutional claim upon which he may be granted relief under 42 U.S.C. § 1983, and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In light of this dismissal, Caudill's Motions to Appoint Counsel (Doc. No. 3) and for a Settlement Conference (Doc. No. 5) are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 19, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**